```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

DENNIS CHARLES KAUTZ,                                  CV. 07-787-KI

              Petitioner,                          OPINION AND ORDER
      v.

GARY KILMER,

              Respondent.
```

James F. Halley
The Strowbridge Building
735 SW First Ave.
Portland, Oregon, 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the South Fork Forest Camp, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For

1 -- OPINION AND ORDER

the reasons set forth below, the petition is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

In 1998, petitioner was convicted of multiple counts of burglary, robbery, theft, unlawful use of a weapon, unlawful use of a motor vehicle, and attempting to allude a police officer. Petitioner was sentenced to a 200-month term of confinement, and three years post-prison supervision.

Petitioner filed a direct appeal challenging his conviction and his sentence. The Oregon Court of Appeals affirmed his conviction, but remanded for resentencing, and the Oregon Supreme Court denied review. State v. Kautz, 179 Or. App. 458, 39 P.3d 937, rev. denied, 334 Or. 327 (2002)

Petitioner sought state post-conviction relief, challenging the legality of his sentence, and raising 28 grounds of ineffective assistance of trial counsel. The post-conviction court denied relief summarily. Petitioner appealed the denial of post-conviction relief on the sole ground that the post-conviction court erred in denying post-conviction relief summarily, i.e., "without considering and deciding all claims on the record." Petitioner sought a remand to the post-conviction court for a full and proper consideration of each of his claims. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

**DISCUSSION**

Respondent moves the court to deny habeas relief on the basis that petitioner failed to fairly present his federal constitutional claims to the Oregon Court of Appeals and Supreme Court on appeal from the denial of post-conviction relief.  I agree.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1); Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007), cert. denied, 129 S.Ct. 37 (2008); Carter v. Giurbino, 385 F.3d 1194, 1196 (9th Cir. 2004), cert. denied, 543 U.S. 1190 (2005).  A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

If a petitioner procedurally defaults his federal claims in state court, federal habeas relief is precluded absent a showing of cause and prejudice, or that failure to consider his federal claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith, 510 F.3d at 1139.

As noted above, petitioner raised a single assignment of error to the Oregon Court of Appeals and Supreme Court on appeal from the

3 -- OPINION AND ORDER

denial of post-conviction relief. Petitioner failed to raise any of the federal constitutional claims raised in his federal habeas corpus petition. Accordingly, the claims are procedurally defaulted because petitioner cannot again seek state post-conviction relief or appeal to the Oregon appellate courts. See O.R.S. 138.510(3) & 138.650(1).

Petitioner has made no showing sufficient to excuse his procedural default. Accordingly, federal habeas corpus relief is precluded.

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___4th___ day of September, 2009.

                              ___/s/ Garr M. King_____
                              Garr M. King
                              United States District Judge